[Cite as *Kennat v. Kennat*, 2025-Ohio-5840.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

TINA L. KENNAT

    Appellan

    v.

RUSSELL A. KENNAT

    Appellee

C.A. Nos.    2024CA0094-M
            2025CA0016-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    2024-DV-0213

DECISION AND JOURNAL ENTRY

Dated: December 31, 2025

SUTTON, Judge.

**{¶1}** Petitioner-Appellant, Tina Kennat, appeals the judgments of the Medina County Court of Common Pleas Domestic Relations Division. For the reasons that follow, this Court reverses.

I.

**Relevant Background**

**{¶2}** Ms. Kennat filed a petition for a domestic violence civil protection order ("DVCPO") against her husband, Respondent-Appellee, Russell Kennat. Ms. Kennat was granted an ex parte DVCPO which came on for full hearing before a magistrate of the trial court on October 18, 2024. At the hearing, the magistrate heard testimony from both parties and ruled upon the admissibility of certain exhibits. After the close of Ms. Kennat's case, Mr. Kennat moved for dismissal of the full DVCPO because "there was no domestic violence that Ms. Kennat

testified to." The magistrate indicated, "I will issue a written decision but I am going to grant the motion to dismiss today."

{¶3} In a written decision which was filed on October 18, 2024, the magistrate stated in part:

> After consideration of all evidence presented and admitted, the [m]agistrate finds [Ms. Kennat] has failed to prove, to a preponderance of the evidence, that [Mr. Kennat's] behavior rises to the level of domestic violence as defined by Ohio Revised Code section 3113.31. Therefore, the oral Motion to Dismiss is GRANTED. This is specifically a ruling on the merits.

The magistrate's decision also indicated the parties "may file written objections to this [m]agistrate['s] [d]ecision within fourteen (14) days of the filing date of the decision." On October 22, 2024, the trial court adopted the magistrate's decision.

{¶4} Ms. Kennat filed objections to the magistrate's decision that were time-stamped November 4, 2024, at 8:03 a.m. On November 5, 2024, the trial court overruled Ms. Kennat's objections as untimely, stating:

> A party may file written objections to a magistrate's decision within fourteen [days] of the filing of the decision. Civ.R. 53(D)(3)(b)(i)[.] The magistrate's decision was filed October 18, 2024. The fourteenth day after the filing of the magistrate's decision was November 1, 2024. [Ms. Kennat's] objections are untimely.

{¶5} Subsequent to the trial court overruling her objections as untimely, Ms. Kennat filed a Civ.R. 60(B) motion arguing she is entitled to relief pursuant to Civ.R. 60(B)(1) and (5), for mistake, inadvertence, surprise, or excusable neglect, and any other reason justifying relief from the judgment. In support of her motion, Ms. Kennat attached the affidavit of her attorney, Kelley R. Tauring. Attorney Tauring averred Ms. Kennat's objections were "timely submitted" to the Medina County Clerk of Court's Office via the electronic filing portal on November 1, 2024. Attorney Tauring further averred the Medina Clerk of Court's office did not "properly timestamp" the objections on November 1, 2024, but, instead timestamped them on November 4, 2024. Ms.

Kennat also supported her Civ.R. 60(B) motion with the email Attorney Tauring sent to the Medina County Clerk of Court, along with her objections, showing they were emailed to the clerk's office at 8:25 p.m. on November 1, 2024.

{¶6} Mr. Kennat opposed Ms. Kennat's Civ.R. 60(B) motion arguing Ms. Kennat's failure to timely file her objections to the magistrate's decision was not excusable neglect, and Ms. Kennat does not have a meritorious claim to present if the Civ.R. 60(B) motion is granted. Specifically, in making his argument regarding excusable neglect, Mr. Kennat relied upon Local Rule 10.06[1] of the Medina County Domestic Relations Court which states in relevant part:

> For purposes of this rule and for entering such filings into the electronic Case Docket system, electronically transmitted documents may be received during the regular business hours of the Clerk from 8:00 a.m.-4:30 p.m. **ANY DOCUMENTS RECEIVED AFTER 3 PM ON A REGULAR BUSINESS DAY MAY BE FILED AND DOCKETED THE FOLLOWING BUSINESS DAY. ANY DOCUMENTS RECEIVED ON WEEKENDS OR OTHER LEGAL HOLIDAYS MAY BE FILED AND DOCKETED THE NEXT BUSINESS DAY.**

(Emphasis in original.)

{¶7} Ms. Kennat appealed the trial court's October 22, 2024 judgment entry adopting the magistrate's decision to dismiss Ms. Kennat's petition for a DVCPO and the trial court's November 5, 2024 judgment entry overruling Ms. Kennat's objections as untimely. This Court remanded the matter to the trial court to rule upon Ms. Kennat's Civ.R. 60(B) motion, which the trial court denied on February 20, 2025.

{¶8} Ms. Kennat now appeals the trial court's three judgment entries raising two assignments of error for our review.

---

[1] Effective February 18, 2025, the Local Rule was renumbered to 10.03.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY OVERRULING [MS. KENNAT'S] OBJECTIONS AND DISMISSING [THE] PETITION FOR DOMESTIC VIOLENCE CIVIL PROTECTION ORDER.**

{¶9} In her first assignment of error, Ms. Kennat argues the trial court erred in dismissing her petition for a DVCPO. Further, Ms. Kennat argues the trial court abused its discretion in overruling her objections to the magistrate's decision as untimely because her objections were timely filed.

{¶10} As Ms. Kennat correctly indicates in her brief, pursuant to Civ.R. 65.1(F)(1), a trial court may refer a petition for a domestic violence civil protection order to a magistrate. Civ.R. 65.1(F)(3)(b) states:

> Nature of Order. A magistrate's denial or granting of a protection order after full hearing under this division does *not constitute a magistrate's order or a magistrate's decision under Civ.R. 53(D)(2) or (3) and is not subject to the requirements of those rules.*

(Emphasis added.) Further, Civ.R. 65.1(F)(3)(d)(i)[2] states, in relevant part:

> A party may file written objections to a *court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen days of the court's filing of the order.*

(Emphasis added.) Thus, in accordance with Civ.R. 65.1(F)(3)(d)(i), a party may file written objections to a trial court's adoption, modification, or rejection of a magistrate's denial or granting of a DVCPO, after a full hearing, within fourteen days of the trial court's order adopting, modifying, or rejecting the magistrate's decision.

---

[2] Here, pursuant to Civ.R. 65.1(F)(3)(d)(i), fourteen days after the trial court's adoption, modification, or rejection of the magistrate's decision is November 5, 2024.

{¶11} Here, in the trial court's October 22, 2024 judgment entry adopting the magistrate's decision, the trial court wrongly relied upon Civ.R. 53, instead of Civ.R. 65.1, to overrule Ms. Kennat's objections as untimely. Additionally, the magistrate's October 18, 2024 decision cites to Civ.R. 65.1(F)(3)(d), but instructs the parties to file written objections within fourteen days of the filing of the *magistrate's decision*, instead of within fourteen days of the filing of the *trial court's decision* adopting, modifying, or rejecting the magistrate's decision. *See* Civ.R. 65.1(F)(3)(d)(i).

{¶12} Because Civ.R. 65.1 governs the filing of objections related to a trial court's adoption of a magistrate's decision dismissing a petition for a domestic violence civil protection order, we reverse the trial court's October 22, 2024 judgment entry declaring Ms. Kennat's objections untimely pursuant to Civ.R. 53(D)(3)(b)(i). We remand this matter for the trial court to determine, in the first instance, if Ms. Kennat's objections are timely pursuant to Civ.R. 65.1, and to proceed accordingly.

{¶13} Ms. Kennat's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN DENYING [MS. KENNAT'S] MOTION TO VACATE THE DISMISSAL OF HER OBJECTIONS AND PETITION FOR DOMESTIC VIOLENCE CIVIL PROTECTION ORDER WITHOUT A HEARING.**

{¶14} In her second assignment of error, Ms. Kennat argued the trial court erred in denying her Civ.R. 60(B) motion without a hearing. Based upon our resolution of Ms. Kennat's first assignment of error, however, her second assignment of error is moot. *See* App.R. 12(A)(1)(c).

III.

{¶15} For the reasons stated above, Ms. Kennat's first assignment of error is sustained and her second assignment of error is moot. The judgment of the Medina County Court of Common Pleas Division of Domestic Relations is reversed and the matter is remanded for proceedings consistent with this decision.

Judgment reversed,
cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETTY SUTTON
FOR THE COURT

FLAGG LANZINGER, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

KELLY R. TAURING, Attorney at Law, for Appellant.

RYAN P. NOWLIN, Attorney at Law, for Appellee.